IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | § | Chapter 11 |
| | § | |
| GLOBAL AVIATION HOLDINGS INC., ET AL.[1] | § | Case No. 13- 12945 (MFW) |
| | § | |
| Debtors. | § | (Jointly Administered) |
| | § | |
| | § | Re: Docket Nos. 154, 445, 465, 475 and 515 |

## AGREED ORDER REGARDING MOTION OF GE CAPITAL AVIATION SERVICES LLC AND GE CAPITAL AVIATION SERVICES LIMITED PURSUANT TO SECTION 503(a) AND (b) OF THE BANKRUPTCY CODE FOR ALLOWANCE AND IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Upon the *Motion of GE Capital Aviation Services LLC and GE Capital Aviation Services Limited Pursuant to Section 503(a) and (b) of the Bankruptcy Code for Allowance and Immediate Payment of Administrative Expense Claim* (the "Motion")[2]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and the Court being apprised of the agreement of GECAS and the Debtors to the form of this Order to resolve GECAS's request for immediate payment of the Administrative Claim and to adjourn the Motion *sine die*; and upon consideration of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

agreement of the parties and the record of all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent set forth herein.

2. The Debtors shall pay GECAS the amount of $100,000.00 from the proceeds of the closing of the sale to Omni Air International, Inc. ("Omni") pursuant to the Omni letter of intent dated April 17, 2014 (the "Sale Proceeds"), which payment shall not be subject to avoidance, disgorgement, clawback or subordination on any grounds. Payment shall be made within two (2) business days from the closing of such sale. After receipt of the $100,000.00 payment by GECAS, the Debtors shall be entitled to a credit in the amount of $100,000.00 against any portion of the Administrative Claim that may ultimately be allowed in the future.

3. GECAS withdraws, without prejudice, its request for immediate payment of the Administrative Claim. In all other respects, the Motion shall be adjourned *sine die*, and GECAS reserves the right to seek the remaining amount of the Administrative Claim at a later date or submit additional requests for payment of administrative expense claims, including, without limitation, upon confirmation of a plan of reorganization or upon conversion of the Debtors' Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code in accordance with the payment of other administrative claims; provided, however, that the Debtors reserve all rights to object to any such claims.

4. The payment to GECAS under paragraph 2 of this Order shall constitute an additional carve-out solely from the DIP Lenders' Collateral that constitutes Sale Proceeds under section 2.3 of the *Final Order (1) Authorizing Post-Petition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 364(c)(1), 364(c)(3) and 364(d)(1); (2) Authorizing the Use of Cash Collateral; (3) Granting Security Interests and Superpriority Claims; (4) Providing Adequate Protection; (5) Modifying the Automatic Stay; and (6) Granting Related Relief* (D.I. 154) (the "Final DIP Order").

5. For the avoidance of doubt, the provisions of this Order shall be binding on a subsequent Chapter 7 Trustee or any other successor of the Debtors.

6. The terms and conditions of this Order shall be effective and enforceable upon entry of an order approving *Motion of the Debtors for Entry of an Order Approving Stipulation Concerning Limited Forbearance under DIP Financing Order and Consent and Authorization to Continue Using Cash Collateral* (D.I. 465).

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

8. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: May 5, 2014

The Honorable Mary F. Walrath
United States Bankruptcy Judge