IN THE UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------X
In re:                                              Chapter 11

GLOBAL AVIATION HOLDINGS INC., *et al.*,            Case No. 13-12945 (MFW)

               Debtors.[1]                          (Jointly Administered)

                                      **Re: Docket No. 827 and 866**

---------------------------------------------------------------X

**AGREED ORDER REGARDING MOTION OF THE INTERNATIONAL
BROTHERHOOD OF TEAMSTERS FOR ENTRY OF AN ORDER (I) COMPELLING
UNITED HEALTHCARE INSURANCE COMPANY TO PROVIDE THE IBT WITH
ACCESS TO ITS MONTHLY CLAIMS REPORTS, (II) GRANTING ANY REMAINING
UNPAID HEALTHCARE CLAIMS FIRST PRIORITY WITH RESPECT TO ANY
DISTRIBUTION FROM THE OTHER EMPLOYEE BENEFIT CLAIMS POOL TO BE
FUNDED BY FUTURE PAYMENTS AS PART OF THE OMNI PURCHASE PRICE,
AND (III) REVERSING ANY RELEASE OF LIABILITY GRANTED TO THE
DEBTORS AND THEIR RESPECTIVE OFFICERS, DIRECTORS, EMPLOYEES AND
PROFESSIONALS FOR AMOUNTS DUE WITH RESPECT TO ANY UNPAID
HEALTHCARE CLAIMS FOR WHICH THE DEBTORS DID NOT MAKE A
<u>DISTRIBUTION FROM THE HEALTHCARE FUND</u>**

Upon the motion (the "Motion") of the International Brotherhood of Teamsters ("IBT") for entry of an Order (i) compelling United Healthcare Insurance Company to provide the IBT with access to its monthly Claims Reports, (ii) granting any remaining Unpaid Healthcare Claims first priority with respect to any distribution from the other employee benefit claims pool to be funded by future payments as part of the Omni purchase price, and (iii) reversing any release of liability granted to the Debtors and their respective officers, directors, employees and professionals for amounts due with respect to any Unpaid Healthcare Claims for which the

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors in these cases were also debtors in the Previous Filing.

Debtors did not make a distribution from the Healthcare Fund [Docket No. 827], and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and (c) notice of the Motion was due and proper under the circumstances; and the Court being apprised of the agreement of the Debtors, the IBT, the Air Line Pilots Association International ("ALPA"), United Healthcare Insurance Company ("UHC") and the Official Committee of Unsecured Creditors to the form of this Order; and upon consideration of the agreement of the parties and the record of all proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. Within two (2) weeks of receiving lists identifying the bargaining unit employees represented, respectively, by the IBT and ALPA (collectively, the "Unions") from the Debtors or the Unions, UHC shall provide the IBT and ALPA with redacted May and June 2014 Claims Reports with data relating to their respective members, their spouses and dependents. The fields of the Claims Reports provided to the IBT and ALPA will be limited to: Employee ID, last name, first name, relationship to employee, internal claim number, charged amount, allowed amount and date of service (to the extent available on such reports).

2. Subsequent to any conversion of these cases to a case under Chapter 7 of Title 11 of the United States Code, UHC shall continue to respond to reasonable requests for information by the IBT, ALPA and the Debtors' former employees necessary to resolve any issues relating to the allowance of unpaid claims for services provided prior to the termination of the Debtors' Healthcare Plan on March 31, 2014 that cannot otherwise be answered by reference to the above referenced Claims Reports (the "Claim Inquiries"); provided, however, that UHC's obligation to respond to Claim Inquiries shall extend only to

Claims Inquiries initiated within four (4) months from the date of entry of this Order. For the avoidance of doubt, IBT and ALPA shall work cooperatively with UHC to ensure that UHC's provision of any protected health information to IBT and ALPA in response to any Claim Inquiries shall be compliant with the requirements of the Health Insurance Portability and Accountability Act and its regulations.

3.  The Order Granting Motion of the Debtors for Entry of an Order Approving Disbursement of Funds Allocated to Pay Healthcare Claims ("Disbursement Order") [Docket No. 698] shall be amended such that any amounts remaining in the Healthcare Fund[2] as of the date that this Order is entered shall not be disbursed as a supplemental payment of the High Dollar Claim, but shall be set aside and held in trust and used to pay any other remaining unpaid claims for medical services provided prior to March 31, 2014 that would have been allowed under the terminated Healthcare Plan, at the UHC Plan Responsibility Amount. Upon satisfaction of such claims, any remaining amounts shall be applied in further satisfaction of the High Dollar Claim. Such designation shall be binding upon any subsequent chapter 7 trustee.

4.  The Disbursement Order shall also be amended such that, to the extent that any remaining unpaid claims for medical services provided prior to March 31, 2014 that would have been allowed under the terminated Healthcare Plan, other than the High Dollar Claim, cannot be paid at the UHC Plan Responsibility Amount, such claims shall have first priority

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Debtors' Motion for Entry of an Order Approving Disbursement of Funds Allocated to Pay Healthcare Claims ("Disbursement Motion") [Docket No. 644], from the Reply of the Debtors to (i) Objection of ALPA to the Disbursement Motion and (ii) Objection of employee Mares to the Disbursement Motion [Docket No. 683] and the Disbursement Order.

in the Remaining Employee Benefit Fund. Such priority shall be binding upon any subsequent chapter 7 trustee.

5. Except in instances in which an employee has already paid the applicable medical provider in connection with a claim for medical services provided prior to March 31, 2014 that would have been allowed under the terminated Healthcare Plan, disbursements in payment of such claims shall be made directly to the medical provider.

6. Once an Unpaid Healthcare Claim is paid at the UHC Plan Responsibility Amount, such claim will no longer constitute an Unpaid Healthcare Claim as the medical provider will have received the same amount it would have received had the Healthcare Plan not been terminated. Thus, payments made to a medical provider will include a condition that once a medical provider accepts payment, such medical provider shall have no further claims against the Debtors, the Debtors' estates, UHC, or the Employees for the Unpaid Medical Claim for any amounts in excess of the UHC Plan Responsibility Amount. As part of the administrative process, in the event the chapter 7 trustee pays the medical providers directly, the chapter 7 trustee will send letters to the Employees informing them of the payments made on their behalf, and any administrative cost associated with (i) providing such letters to Employees or (ii) payment of Unpaid Medical Claims shall first be deducted from any amounts remaining in the Healthcare Fund or the Remaining Employee Benefit Fund, as applicable, prior to any payments being made.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

8.  All other relief requested in the Motion is expressly denied, and all other terms of the Disbursement Order remain in full force and effect, including the exculpation contained in paragraph 8 therein.

9.  This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: September 30, 2014

*/s/ Mary F. Walrath*
The Honorable Mary F. Walrath
United States Bankruptcy Judge