# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| GLOBAL AVIATION HOLDINGS, INC., *et al.*[1] | Case No. 13-12945 (MFW) |
| | (Jointly Administered) |
| Debtors. | Related Docket No. 925 |

## ORDER GRANTING MOTION OF WELLS FARGO BANK, N.A. FOR RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the Motion of Wells Fargo Bank, N.A. ("Wells Fargo") for Relief from the Automatic Stay (the "Motion");[2] and the Court, having reviewed and considered the Motion, finds that the Motion is well taken; that the Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and that consideration of the Motion and the requested relief is a core proceeding that the Court may determine pursuant to 28 U.S.C. § 157(b); and that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and that due and proper notice of the Motion has been given under the particular circumstances, all parties in interest have been afforded an opportunity

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

[2] Capitalized terms used herein but not defined herein shall have the meanings ascribed to them in the Motion.

to be heard, and no other or further notice need be provided; and upon all of the proceedings had before the Court; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED:

1. The Motion is GRANTED.

2. Wells Fargo is permitted to debit the Collateral Accounts to reflect (i) draws on letters of credit, fees, and accrued interest, and (ii) other outstanding amounts due, including outstanding attorneys' fees, letters of credit non-extension fees, account service charges, and the purchase card facility balance.

3. Wells Fargo is also permitted to debit the Collateral Accounts following the entry of this order, and without the need to seek further permission from the Court, (i) as draws are made on the letters of credit, as fees are charged and when standby commissions are due, and (ii) when attorney fees and deposit account service charges come due.

4. Wells Fargo shall provide notice, via email, to the Trustee and Cerberus of its intent to debit the Collateral Accounts, which notice shall include a full and complete accounting of the fees, expenses and other charges Wells Fargo seeks to charge against the Collateral Accounts. The rights of the Trustee, on behalf of the Debtors' estates, and Cerberus Business Finance, LLC ("Cerberus") to challenge the amount of any debit are hereby reserved for a period of 10 days after receipt of notice.

7363302.1

5.  The stay of this order imposed by Fed. R. Bankr. P. 4001(a)(3) is waived, and this order shall be effective immediately upon entry.

6.  This Court shall retain jurisdiction to interpret, implement, and enforce the provisions of this order.

Dated: December __17__, 2014

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge