# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL AVIATION HOLDINGS INC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-12945 (MFW)<br><br>**Ref. No. 971** |

## ORDER GRANTING JOINT MOTION OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS AND THE AIR LINE PILOTS ASSOCIATION INTERNATIONAL FOR ALLOWANCE AND IMMEDIATE PAYMENT OF CERTAIN ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO SECTIONS 503(a), 503(b)(1)(A), AND 507 OF THE BANKRUPTCY CODE

Upon consideration of the *Joint Motion of the International Brotherhood of Teamsters and the Air Line Pilots Association International for Allowance and Immediate Payment of Certain Administrative Expense Claims Pursuant to Sections 503(a), 503(b)(1)(A), and 507 of the Bankruptcy Code* (the "**Motion**") [Docket No. 971], and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED**, that the Motion is granted as set forth herein; and it is further

**ORDERED**, that the IBT and ALPA are granted: (i) allowed administrative expense claims in the total aggregate amount of $87,625.03 pursuant to sections 503(a), 503(b)(1)(A), and 507 of the Bankruptcy Code for the Unpaid Health Claims as set forth in <u>Exhibit A</u> to the Motion and (ii) allowed administrative expense claims for the Unpaid LTD Claim in the amount of $35,000.00 on behalf of Mares; and it is further

---

[1] The Debtors in these Chapter 7 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276).

**ORDERED**, that the Trustee, on or before fourteen (14) days following entry of this Order, shall pay the allowed Unpaid Health Claims set forth in <u>Exhibit A</u> to the Motion in the total aggregate amount of $87,625.03 and the Unpaid LTD Claim in the amount of $35,000.00 on behalf of Mares from the Remaining Employee Benefit Fund; and it is further

**ORDERED**, that payment by the Trustee of the Unpaid Health Claims pursuant to this Order shall resolve those portions of the pending motions by the International Brotherhood of Teamsters (the "IBT Admin Expense Motion") [Docket No. 953] and the Air Line Pilots Association (the "ALPA Admin Expense Motion") [Docket No. 944] that seek payment of the Unpaid Health Claim amounts to be paid pursuant to this Order, and such portions of the IBT Admin Expense Motion and the ALPA Admin Expense Motion shall be deemed satisfied and withdrawn; and it is further

**ORDERED**, that the Trustee reserves any and all rights to object on any and all available grounds to any claim or claims made or filed by the IBT or ALPA, including, but not limited to, claims made in the IBT Admin Expense Motion and/or the ALPA Admin Expense Motion, that are not otherwise satisfied by payments to be made by the Trustee pursuant to this Order; and it is further

**ORDERED**, that to the extent that any individual Union Employee (as defined in the Motion) has asserted an Unpaid Health Claim in the Debtors' chapter 11 or chapter 7 cases that is duplicative of a claim satisfied by payments made by the Trustee pursuant to this Order, such individual Unpaid Health Claim shall be deemed satisfied by payment pursuant to this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction over any and all matters arising from or related to the implementation or interpretation of this Order.

Dated: Aug 12, 2015
Wilmington, Delaware

_____
The Honorable Mary F. Walrath
United States Bankruptcy Judge