# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re:<br><br>GLOBAL AVIATION HOLDINGS, INC., *et al.*[1]<br>　　　　　　　　Debtors. | )<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 7<br><br>Case No. 13-12945 (MFW)<br>Jointly Administered |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Global Aviation Holdings, Inc., *et al.*,<br><br>　　　　　　　　Plaintiff<br><br>　　v. | )<br>)<br>)<br>)<br>)<br>)<br>) | |
| AeroTurbine, Inc. | ) | Adv. Pro. No. N/A |
| Avcom Avionics & Instruments, Inc. | ) | Adv. Pro. No. N/A |
| Chemoil Corporation | ) | Adv. Pro. No. 16-50011 (MFW) |
| ELP Aviation LLC | ) | Adv. Pro. No. N/A |
| Gate Gourmet, Inc. | ) | Adv. Pro. No. N/A |
| GA Telesis, LLC | ) | Adv. Pro. No. N/A |
| The Goodyear Tire & Rubber Company | ) | Adv. Pro. No. N/A |
| The Gourmet Gang | ) | Adv. Pro. No. N/A |
| Honeywell International Inc. | ) | Adv. Pro. No. 15-51556 (MFW) |
| Irving Oil Terminals Inc. | ) | Adv. Pro. No. 15-51660 (MFW) |
| JLT Aerospace (North America) Inc. | ) | Adv. Pro. No. N/A |
| Kapco Global | ) | Adv. Pro. No. N/A |
| Landmark Aviation Aircraft Sales, LLC | ) | Adv. Pro. No. 15-51885 (MFW) |
| Miami Tech Aircraft Maintenance, Inc. | ) | Adv. Pro. No. N/A |
| MNM Aircraft Component Holdings (Mach 2) | ) | Adv. Pro. No. N/A |
| Paetec Communications, Inc. | ) | Adv. Pro. No. N/A |
| Pan Am International Flight Academy, Inc. | ) | Adv. Pro. No. N/A |
| Robert Half Technology | ) | Adv. Pro. No. 15-51661 (MFW) |
| Skytech Aviation, Inc. | ) | Adv. Pro. No. 15-51487 (MFW) |
| SSI (US) Inc. | ) | Adv. Pro. No. N/A |
| Transgroup Express, Inc. | ) | Adv. Pro. No. N/A |
| Ultramain Systems Inc. | ) | Adv. Pro. No. N/A |
| United Airlines, Inc. | ) | Adv. Pro. No. 15-51501 (MFW) |
| 　　　　　　　　Defendants. | ) | |

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

**Objection Deadline: March 16, 2016, at 4:00 p.m. (ET)**
**Hearing Date: March 23, 2016, at 2:00 p.m. (ET)**

## CHAPTER 7 TRUSTEE'S FIRST OMNIBUS MOTION UNDER
## FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING SETTLEMENTS

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), hereby moves this Court (the "Motion") for entry of an order approving the compromise and settlement of the preference claims asserted against certain potential defendants as identified above (shown in the caption above with adversary proceeding number "N/A") and, to the extent complaints were filed, preference adversary actions (shown in the caption above with adversary proceeding number) against the above-captioned parties (collectively, the "Defendants") pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").  A copy of the settlement agreement with AeroTurbine, Inc. ("AeroTurbine") is attached hereto as Exhibit A; a copy of the settlement agreement with Avcom Avionics & Instruments, Inc. ("Avcom") is attached hereto as Exhibit B; a copy of the settlement agreement with Chemoil Corporation ("Chemoil") is attached hereto as Exhibit C; a copy of the settlement agreement with ELP Aviation LLC ("ELP") is attached hereto and Exhibit D; a copy of the settlement agreement with Gate Gourmet, Inc. ("Gate Gourmet") is attached hereto as Exhibit E; a copy of the settlement agreement with GA Telesis, LLC ("GA Telesis") is attached hereto as Exhibit F; a copy of the settlement agreement with The Goodyear Tire & Rubber Company ("Goodyear") is attached hereto as Exhibit G; a copy of the settlement agreement with The Gourmet Gang ("Gourmet") is attached hereto as Exhibit H; a copy of the settlement agreement with Honeywell International Inc. ("Honeywell") is attached hereto as Exhibit I; a

2

copy of the settlement agreement with Irving Oil Terminals Inc. ("Irving Oil") is attached hereto

as Exhibit J; a copy of the settlement agreement with JLT Aerospace (North America) Inc.

("JLT") is attached hereto as Exhibit K; a copy of the settlement agreement with Kapco Global

("Kapco") is attached hereto as Exhibit L; a copy of the settlement agreement with Landmark

Aviation Aircraft Sales, LLC ("Landmark") is attached hereto as Exhibit M; a copy of the

settlement agreement with Miami Tech Aircraft Maintenance, Inc. ("Miami Tech") is attached

hereto as Exhibit N; a copy of the settlement agreement with MNM Aircraft Component

Holdings (Mach 2) is attached hereto as Exhibit O; a copy of the settlement agreement with

Paetec Communications, Inc. ("Paetec") is attached hereto as Exhibit P; a copy of the settlement

agreement with Pan Am International Flight Academy, Inc. ("Pan Am") is attached hereto as

Exhibit Q; a copy of the settlement agreement with Robert Half Technology is attached hereto as

Exhibit R; a copy of the settlement agreement with Skytech Aviation, Inc. ("Skytech") is

attached hereto as Exhibit S; a copy of the settlement agreement with SSI (US) Inc. ("SSI") is

attached hereto as Exhibit T; a copy of the settlement agreement with Transgroup Express, Inc.

("Transgroup") is attached hereto as Exhibit U; a copy of the settlement agreement with

Utramain Systems, Inc. ("Ultramain") is attached hereto as Exhibit V; and a copy of the

settlement agreement with United Airlines, Inc. ("United") is attached hereto as Exhibit W.  In

support of the Motion, the Trustee states as follows:

## Jurisdiction

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule predicates for the relief sought in this Motion are sections 105(a) and 363 of chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Bankruptcy Rules.

## Background

3.      On November 12, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in the Court under chapter 11 of the Bankruptcy Code.

4.      The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) under Case Number 13-12945(MFW).

5.      On September 30, 2014, the Court entered an order converting the Cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 869].

6.      On October 1, 2014, Alfred T. Giuliano was appointed as the Trustee [Docket No. 871].

7.      Commencing in August 2015, the Trustee, through his counsel, sent demand letters ("Demand Letters") to certain recipients of transfers made by the Debtors during the 90-day period prior to the Petition Date, including the Defendants,  In October 2015, the Trustee sent follow-up Demand Letters to parties who had not responded to the initial round of

Demand Letters.  Certain parties responded to the Demand Letters and entered into settlement agreements with the Trustee without need for the Trustee to file a formal complaint.  Those responding and settling Defendants appear in the caption above with "N/A" in the location in the caption in which an adversary proceeding number would otherwise appear.

8.    In addition, commencing in late October 2015, the Trustee filed adversary complaints (the "Complaints") pursuant to sections 547 and 550 of the Bankruptcy Code against certain parties who had received Demand Letters but who had not yet entered into settlement agreements or otherwise agreed to toll the statutory deadline.  Thereafter, certain of those parties, as identified in the caption above with an associated adversary proceeding number, entered into settlement agreements with the Trustee, resolving the associated Complaints.

### Settlement Details

9.    After sending the Demand Letters and, as applicable, filing the Complaints, as described below, the Trustee and each of the Defendants conducted negotiations concerning the amount owed by each Defendant to the estates.  The negotiations were conducted at arm's length and in good faith.  The Defendants asserted defenses to the Trustee's Demand Letters and, as applicable, Complaints, which the Trustee has analyzed.  The details of these settlements are set forth below.

10.    The Defendants and the Trustee have entered into the settlement agreements, the terms of which are summarized below, subject to Court approval of the settlements.[2]

---

[2] The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Defendants.  In the event that there are any

### a.    AeroTurbine, Inc.

11.    The Trustee sent a Demand Letter to AeroTurbine seeking recovery of alleged preferential transfers made by Debtor World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $669,035.14 pursuant to Bankruptcy Code sections 547 and 550.

12.    After considering defenses raised by AeroTurbine, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that AeroTurbine will pay the Trustee $22,500.00 in settlement of the preferential transfers and waive any claim, including any claim under 11 U.S.C. § 502(h), other than its administrative claim fixed in accordance with the *Agreed Order Resolving AeroTurbine, Inc.'s Motion for Allowance of Administrative Claim* [Docket No. 560], which claim is expressly reserved.  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit A hereto.

### b.    Avcom Avionics & Instruments, Inc.

13.    The Trustee sent a Demand Letter to Avcom seeking recovery of alleged preferential transfers made by Debtor World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $13,890.00 pursuant to Bankruptcy Code sections 547 and 550.

---

inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

14.     After considering defenses raised by Avcom, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Avcom will pay the Trustee $4,000.00 in settlement of the preferential transfers.   The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit B hereto.

**c.     Chemoil Corporation**

15.     On January 26, 2016, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 16-50011, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Chemoil pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. to Chemoil in a total amount not less than $248,666.84 during the 90-day period prior to the Petition Date.

16.     After considering defenses raised by Chemoil, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Chemoil will pay the Trustee $70,000.00 in settlement of the preferential transfers.   The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit C hereto, and the adversary proceeding will be dismissed with prejudice.

### d.      ELP Aviation LLC.

17.      The Trustee sent a Demand Letter to ELP seeking recovery of alleged preferential transfers made by Debtor North American Airlines, Inc. during the 90 days prior to the Petition Date in an amount not less than $43,700.00 pursuant to Bankruptcy Code sections 547 and 550.

18.      After considering defenses raised by ELP, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that ELP will pay the Trustee $6,000.00 in settlement of the preferential transfers.  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit D hereto.

### e.      Gate Gourmet, Inc.

19.      The Trustee sent a Demand Letter to Gate Gourmet seeking recovery of alleged preferential transfers made by Debtors World Airways, Inc. and North American Airlines, Inc. during the 90 days prior to the Petition Date in an amount not less than $61,079.00 pursuant to Bankruptcy Code sections 547 and 550.

20.      After considering defenses raised by GA Telesis, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Gate Gourmet will pay the Trustee $10,000.00 in settlement of the preferential transfers.  Gate Gourmet reserves its right to assert a claim under 11 U.S.C. § 502(h) for the amount paid in resolution of the preferential transfers.  The parties will also exchange releases of claims and

causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement attached as Exhibit E hereto.

**f.      GA Telesis, LLC**

21.      The Trustee sent a Demand Letter to GA Telesis seeking recovery of alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $25,305.39 pursuant to Bankruptcy Code sections 547 and 550.

22.      After considering defenses raised by GA Telesis, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that GA Telesis will pay the Trustee $5,500.00 in settlement of the preferential transfers and waive any claim under 11 U.S.C. § 502(h).  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit F hereto.

**g.      The Goodyear Tire & Rubber Company**

23.      The Trustee sent a Demand Letter to Goodyear seeking recovery of alleged preferential transfers made by Debtor World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $54,126.38 pursuant to Bankruptcy Code sections 547 and 550.

24.      After considering defenses raised by Goodyear, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Goodyear will pay the Trustee $5,000.00 in settlement of the preferential transfers.  Goodyear expressly

reserves any filed or scheduled claim and the right to file any claim under 11 U.S.C. § 502(h), and the Trustee reserves all rights, claims, objections, and defenses with respect to any claims filed by Goodyear.  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit G hereto.

### h.    The Gourmet Gang

25.    The Trustee sent a Demand Letter to Gourmet seeking recovery of alleged preferential transfers made by Debtor North American Airlines, Inc. during the 90 days prior to the Petition Date in an amount not less than $118,492.50 pursuant to Bankruptcy Code sections 547 and 550.

26.    After considering defenses raised by Gourmet, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Gourmet will pay the Trustee $8,750.00 in settlement of the preferential transfers and waive any claim, including any claim under 11 U.S.C. § 502(h).  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit H hereto.

### i.    Honeywell International Inc.

27.    On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51556, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Honeywell pursuant to Bankruptcy Code

sections 547 and 550 alleged preferential transfers made by Debtors North American Airlines, Inc., and World Airways, Inc. to Honeywell in a total amount not less than $510,129.15 during the 90-day period prior to the Petition Date.

28.    After considering defenses raised by Honeywell, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Honeywell will pay the Trustee $65,000.00 in settlement of the preferential transfers. Honeywell waives its right to assert any claim under section 502(h) of the Bankruptcy Code, but reserves any other claim, and the Trustee reserves his right, claims, and objections with respect to any such claims by Honeywell. The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit I hereto, and the adversary proceeding will be dismissed with prejudice.

### j.    Irving Oil Terminals Inc.

29.    On October 30, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51660, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Irving Oil pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. to Irving Oil in a total amount not less than $1,700,000 during the 90-day period prior to the Petition Date.

30.     After considering defenses raised by Irving Oil, including, but not limited to, new value, ordinary course of business, prepayments, and contemporaneous exchanges, the parties resolved the matter such that Irving Oil will pay the Trustee $97,500.00 in settlement of the preferential transfers.   Irving Oil waives its right to assert any filed or scheduled claim, including any claim under section 502(h) of the Bankruptcy Code.   The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit J hereto, and the adversary proceeding will be dismissed with prejudice.

**k.     JLT Aerospace (North America) Inc.**

31.     The Trustee sent a Demand Letter to JLT seeking recovery of alleged preferential transfers made by Debtors Global Aviation Holdings, Inc., North American Airlines, Inc., and World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $1,542,838.10 pursuant to Bankruptcy Code sections 547 and 550.

32.     After considering defenses raised by JLT, including, but not limited to, new value, ordinary course of business, prepayments, and contemporaneous exchanges, the parties resolved the matter such that JLT will pay the Trustee $20,000.00 in settlement of the preferential transfers and waive any claim, including any claim under 11 U.S.C. § 502(h).   The Trustee will release all claims and causes of action against JLT, and JLT will release the trustee with respect to all claims and caused of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit K hereto.

**l.**     **Kapco Global**

33.    The Trustee sent a Demand Letter to Kapco seeking recovery of alleged preferential transfers made by Debtor World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $17,355.22 pursuant to Bankruptcy Code sections 547 and 550.

34.    After considering defenses raised by Kapco, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Kapco will pay the Trustee $7,500.00 in settlement of the preferential transfers and waive any under 11 U.S.C. § 502(h). The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit L hereto.

**m.**     **Landmark Aviation Aircraft Sales, LLC**

35.    On November 5, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51885, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Landmark pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to Landmark in a total amount not less than $20,736.00 during the 90-day period prior to the Petition Date.

36.    After considering defenses raised by Landmark, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that

Landmark will pay the Trustee $8,750.00 in settlement of the preferential transfers.  Landmark waives its right to filed any claim under section 502(h) of the Bankruptcy Code.  The parties will exchange releases of all claims and causes of action in connection with the complaint, the alleged transfers, or any other alleged preferential transfers that may be discovered as more specifically set forth in the settlement agreement attached as Exhibit M hereto, and the adversary proceeding will be dismissed with prejudice.

**n.    Miami Tech Aircraft Maintenance, Inc.**

37.    The Trustee sent a Demand Letter to Miami Tech seeking recovery of alleged preferential transfers made by Debtor World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $269,751.00 pursuant to Bankruptcy Code sections 547 and 550.

38.    After considering defenses raised by Miami Tech, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Miami Tech will pay the Trustee $20,000.00 in settlement of the preferential transfers.  The parties will also exchange general releases of all claims and causes of action, and Miami Tech specifically releases any filed claim and the right to assert any claim under section 502(h) of the Bankruptcy Code, as more specifically set forth in the settlement agreement attached as Exhibit N hereto.

**o.    MNM Aircraft Component Holdings (Mach 2)**

39.    The Trustee sent a Demand Letter to MNM seeking recovery of alleged preferential transfers made by Debtor North American Airlines, Inc. during the 90 days prior to

the Petition Date in an amount not less than $18,930.52 pursuant to Bankruptcy Code sections

547 and 550.

40.      After considering defenses raised by MNM, including, but not limited to,

new value and ordinary course of business, the parties resolved the matter such that MNM will

pay the Trustee $5,700.00 in settlement of the preferential transfers and waive any under 11

U.S.C. § 502(h).  The parties will also exchange releases of all claims and causes of action in

connection with the Demand Letter and the alleged transfers as more specifically set forth in the

settlement agreement attached as Exhibit O hereto.

     **p.**     **Paetec Communications, Inc.**

41.      The Trustee sent a Demand Letter to Paetec seeking recovery of alleged

preferential transfers made by Debtor Global Aviation Holdings, Inc. during the 90 days prior to

the Petition Date in an amount not less than $29,072.67 pursuant to Bankruptcy Code sections

547 and 550.

42.      After considering defenses raised by Paetec, including, but not limited to,

new value and ordinary course of business, the parties resolved the matter such that Paetec will

pay the Trustee $5,000.00 in settlement of the preferential transfers, waive any filed or scheduled

claim, and waive the right to assert any under 11 U.S.C. § 502(h).  The parties will also exchange

releases of all claims and causes of action in connection with the Demand Letter and the alleged

transfers as more specifically set forth in the settlement agreement attached as Exhibit P hereto.

q.    **Pan Am International Flight Academy, Inc.**

43.    The Trustee sent a Demand Letter to Pan Am seeking recovery of alleged preferential transfers made by Debtors World Airways, Inc. and North American Airlines, Inc. during the 90 days prior to the Petition Date in an amount not less than $159,075.00 pursuant to Bankruptcy Code sections 547 and 550.

44.    After considering defenses raised by Pan Am, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Pan Am will pay the Trustee $15,000.00 in settlement of the preferential transfers. Pan Am reserves its right to assert any claim under 11 U.S.C. § 502(h) and to maintain any timely filed proof of claim. The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit Q hereto.

r.    **Robert Half Technology**

45.    On October 30, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51661, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Robert Half pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor Global Aviation Holdings, Inc., to Robert Half in a total amount not less than $33,642.13 during the 90-day period prior to the Petition Date.

46.    After considering defenses raised by Robert Half, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Robert Half will pay the Trustee $15,000.00 in settlement of the preferential transfers.  Robert Half waives any and all claims, including its right to file any claim under section 502(h) of the Bankruptcy Code.  The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit R hereto, and the adversary proceeding will be dismissed with prejudice.

**s.    Skytech Aviation, Inc.**

47.    On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51487, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Skytech pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. to Skytech in a total amount not less than $109,362.00 during the 90-day period prior to the Petition Date.

48.    After considering defenses raised by Skytech, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Skytech will pay the Trustee $10,000.00 in settlement of the preferential transfers.  Skytech reserves any and all filed or scheduled claims, including its right to file any claim under section 502(h) of the Bankruptcy Code, and the Trustee reserves all rights, claims, objections, and defenses with

respect to any such claims. The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit S hereto, and the adversary proceeding will be dismissed with prejudice.

      **t.**     **SSI (US) Inc.**

      49.    The Trustee sent a Demand Letter to SSI seeking recovery of alleged preferential transfers made by Debtor Global Aviation Holdings, Inc. during the 90 days prior to the Petition Date in an amount not less than $70,676.00 pursuant to Bankruptcy Code sections 547 and 550.

      50.    After considering defenses raised by SSI, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that SSI will pay the Trustee $56,540.80 in settlement of the preferential transfers. SSI reserves any and all filed or scheduled claims, including its right to file any claim under section 502(h) of the Bankruptcy Code, and the Trustee reserves all rights, claims, objections, and defenses with respect to any such claims. The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit T hereto.

**u.    Transgroup Express, Inc.**

51.    The Trustee sent a Demand Letter to Transgroup seeking recovery of alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $101,702.00 pursuant to Bankruptcy Code sections 547 and 550.

52.    After considering defenses raised by Transgroup, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Transgroup will pay the Trustee $30,000.00 in settlement of the preferential transfers. Transgroup waives its right to assert any claim under 11 U.S.C. § 502(h).  The parties will also exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit U hereto.

**v.    Ultramain Systems Inc.**

53.    The Trustee sent a Demand Letter to Ultramain seeking recovery of alleged preferential transfers made by Debtors North American Airlines, Inc. and World Airways, Inc. during the 90 days prior to the Petition Date in an amount not less than $77,951.50 pursuant to Bankruptcy Code sections 547 and 550.

54.    After considering defenses raised by Ultramain, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Ultramain will pay the Trustee $12,000.00 in settlement of the preferential transfers.  Ultramain waives any and all claims, including its right to file any claim under section 502(h) of the Bankruptcy Code.

The parties will also exchange general releases as more specifically set forth in the settlement agreement attached as Exhibit V hereto.

**w.    United Airlines, Inc.**

55.    On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51501, asserting, *inter alia*, that the Trustee is entitled to avoid and recover from United pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtors North American Airlines, Inc., World Airways, Inc., and Global Aviation Holdings, Inc. to United in a total amount not less than $337,942.74 during the 90-day period prior to the Petition Date.

56.    After considering defenses raised by United, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that United will pay the Trustee $25,000.00 in settlement of the preferential transfers.  United reserves any and all filed or scheduled claims, including its right to file any claim under section 502(h) of the Bankruptcy Code, and the Trustee reserves all rights, claims, objections, and defenses with respect to any such claims.  The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit W hereto, and the adversary proceeding will be dismissed with prejudice.

**Basis for Relief**

57.    By this Motion, the Trustee seeks approval of the settlement agreements

with each of the Defendants as set forth in Exhibits A through W to this Motion.

58.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after

notice and a hearing, the court may approve a compromise or settlement." *See Myers v. Martin*

*(In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  In deciding whether to approve a settlement

pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair,

reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.*, 222 B.R.

243, 249 (D. Del. 1998).  The court must "assess and balance the value of the claim that is being

compromised against the value to the estate of the acceptance of the compromise proposal." *In*

*re Martin*, 91 F.3d at 393.

59.    In striking this balance, the court should consider the following factors:

"(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the

complexity of the litigation involved, and the expense, inconvenience and delay necessarily

attending it; and (4) the paramount interest of the creditors." *Id.*  Courts generally defer to a

trustee's business judgment when there is a legitimate business justification for the trustee's

decision. *Id.* at 395. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement

to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D.

Mont. 1995).

60.    Moreover, settlements should be approved if they fall above the lowest

point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is

not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.*, 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *see generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

61.    The settlements with each of the Defendants are in the best interests of the estates and all creditors, are reasonable, and are within the Trustee's sound business judgment. The settlements will eliminate the potentially high costs of further litigation and the uncertainty of success in light of the asserted defenses. The Trustee has invested time and effort in analyzing the transfers made within the 90 days prior to the Petition Date. Similarly, the Trustee considered any defenses asserted by the Defendants and any analyses provided by the Defendants, and the Trustee ran an analysis from the records of the Debtors to determine the extent and validity of the various defenses, including but not limited to new value and ordinary course of business defenses. The compromises reached with each of the Defendants are fair, reasonable, and in the best interest of the creditors and the Debtors' estates based on the Trustee's review of the facts.

62.     Given the risks and rewards involved with further litigation, as well as the associated costs, in the Trustee's judgment the proposed settlements are in the Debtors' best interest.  Accordingly, the Trustee believes that this Court should approve each of the settlements agreements attached to this Motion as Exhibits A through W.

### Notice

63.     Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) each of the Defendants.

[Remainder of page intentionally left blank]

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court enter the attached order granting the Motion approving the settlements of the Trustee's complaints and asserted claims against each of the Defendants set forth in the settlement agreements attached as Exhibits A through W to the Motion; and granting such other relief as the Court deems just and equitable.

Dated:  March 2, 2016

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Michael R. Seidl (DE Bar No. 3889)
Jeffrey P. Nolan (CA Bar No. 158923)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:    bsandler@pszjlaw.com
           acaine@pszjlaw.com
           mseidl@pszjlaw.com
           jnolan@pszjlaw.com
           pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee