## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| In re: | ) | |
|---|---|---|
| | ) | |
| GLOBAL AVIATION HOLDINGS, INC., *et al.*[1] | ) ) | Chapter 7 |
| Debtors. | ) ) | Case No. 13-12945 (MFW) Jointly Administered |
| ALFRED T. GIULIANO, Chapter 7 Trustee of Global Aviation Holdings, Inc., *et al.*, | ) ) ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | |
| THE BOEING COMPANY | ) | Adv. Pro. No. N/A |
| CHEP AEROSPACE US INC. | ) | Adv. Pro. No. 15-51878 (MFW) |
| F&E AIRCRAFT MAINTENANCE (MIAMI), LLC | ) ) | Adv. Proc. No. 15-51553 (MFW) |
| GARLAND A. WATKINS d/b/a JET SERVICES; E. KLAUS COLLINS d/b/a JET SERVICES | ) ) ) | Adv. Proc. No. 15-51884 (MFW) |
| HAWK AVIATION SERVICES, INC. | ) | Adv. Proc. No. 15-51483 (MFW) |
| INDIANAPOLIS AVIATION PARTNERS, LLC d/b/a MILLION AIR INDIANAPOLIS | ) ) | Adv. Proc. No. 15-51892 (MFW) |
| MBD WHEEL AND BRAKE REPAIR AND SERVICES, LLC f/k/a MBT REPAIR, INC. | ) ) | Adv. Proc. No. 15-51887 (MFW) |
| PREFERRED COMPOSITE SERVICES, INC. | ) | Adv. Proc. No. 15-51559 (MFW) |
| Defendants. | ) | |

**Objection Deadline: June 1, 2016, at 4:00 p.m. (ET)**
**Hearing Date: June 8, 2016, at 2:00 p.m. (ET)**

## CHAPTER 7 TRUSTEE'S SECOND OMNIBUS MOTION UNDER
## FED. R. BANKR. P. 9019 FOR AN ORDER APPROVING SETTLEMENTS

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") of the estates of the above-

captioned debtors (the "Debtors"), hereby moves this Court (the "Motion") for entry of an order

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

approving the compromise and settlement of the preference claims asserted against certain potential defendants as identified above (shown in the caption above with adversary proceeding number "N/A") and, to the extent complaints were filed, preference adversary actions (shown in the caption above with adversary proceeding number) against the above-captioned parties (collectively, the "Defendants") pursuant to Rule 9019 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules").    A copy of the settlement agreement with The Boeing Company ("Boeing") is attached hereto as Exhibit A; a copy of the settlement agreement with CHEP Aerospace US Inc. ("CHEP") is attached hereto as Exhibit B;[2] a copy of the settlement agreement with F&E Aircraft Maintenance (Miami), LLC ("F&E Miami") is attached hereto as Exhibit C; a copy of the settlement agreement with Garland A. Watkins d/b/a Jet Services and E. Klaus Collins d/b/a Jet Services ("Jet Services") is attached hereto as Exhibit D; a copy of the settlement agreement with Hawk Aviation Services, Inc. ("Hawk") is attached hereto as Exhibit E; a copy of the settlement agreement with Indianapolis Aviation Partners, LLC d/b/a Million Air Indianapolis ("IAP") is attached hereto as Exhibit F; a copy of the settlement agreement with MBD Wheel and Brake Repair and Services, LLC f/k/a MBT Repair, Inc. ("MBD"), is attached hereto as Exhibit G;[3] and a copy of the settlement agreement with Preferred Composite Services, Inc. ("Preferred") is attached hereto as Exhibit H.  In support of the Motion, the Trustee states as follows:

---

[2] A fully executed copy of the settlement agreement will be filed under supplemental notice.

[3] A fully executed copy of the settlement agreement will be filed under supplemental notice.

**Jurisdiction**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory and rule predicates for the relief sought in this Motion are sections 105(a) and 363 of chapter 11 of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Bankruptcy Rules.

**Background**

3.      On November 12, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in the Court under chapter 11 of the Bankruptcy Code.

4.      The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b) under Case Number 13-12945(MFW).

5.      On September 30, 2014, the Court entered an order converting the Cases to cases under Chapter 7 of the Bankruptcy Code [Docket No. 869].

6.      On October 1, 2014, Alfred T. Giuliano was appointed as the Trustee [Docket No. 871].

7.      Commencing in August 2015, the Trustee, through his counsel, sent demand letters ("Demand Letters") to certain recipients of transfers made by the Debtors during the 90-day period prior to the Petition Date, including the Defendants.  In October 2015, the Trustee sent follow-up Demand Letters to parties who had not responded to the initial round of

3

Demand Letters.  Certain parties responded to the Demand Letters and entered into settlement agreements with the Trustee without need for the Trustee to file a formal complaint.  Those responding and settling Defendants appear in the caption above with "N/A" in the location in the caption in which an adversary proceeding number would otherwise appear.

8.    In addition, commencing in late October 2015, the Trustee filed adversary complaints (the "Complaints") pursuant to sections 547 and 550 of the Bankruptcy Code against certain parties who had received Demand Letters but who had not yet entered into settlement agreements or otherwise agreed to toll the statutory deadline.  Thereafter, certain of those parties, as identified in the caption above with an associated adversary proceeding number, entered into settlement agreements with the Trustee, resolving the associated Complaints.

### Settlement Details

9.    After sending the Demand Letters and, as applicable, filing the Complaints, as described below, the Trustee and each of the Defendants conducted negotiations concerning the amount owed by each Defendant to the estates.  The negotiations were conducted at arm's length and in good faith.  The Defendants asserted defenses to the Trustee's Demand Letters and Complaints, which the Trustee has analyzed.  The details of these settlements are set forth below.

10.    The Defendants and the Trustee have entered into the settlement agreements, the terms of which are summarized below, subject to Court approval of the settlements.[4]

---

[4] The terms of each settlement agreement summarized in this Motion in no way alter, change, or amend the actual terms set forth in the applicable settlement agreement with each of the Defendants.  In the event that there are any

### a.  **The Boeing Company**

11.     On September 22, 2015, the Trustee sent a Demand Letter to Boeing asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Boeing pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor World Airways, Inc., to Boeing in a total amount not less than $339,617.01 during the 90-day period prior to the Petition Date.

12.     After considering defenses raised by Boeing, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Boeing will pay the Trustee $55,000.00 in settlement of the preferential transfers.  In addition, Boeing will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h).  The parties will exchange releases of all claims and causes of action in connection with the Demand Letter and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit A hereto.

### b.     **CHEP Aerospace US Inc.**

13.     On November 4, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51878 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from CHEP pursuant to Bankruptcy Code

---

inconsistencies between this summary and the actual terms of any settlement agreement, the language set forth in that settlement agreement shall control.

sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to CHEP in a total amount not less than $35,686.55 during the 90-day period prior to the Petition Date.

14.    After considering defenses raised by CHEP, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that CHEP will pay the Trustee $9,000.00 in settlement of the preferential transfers.  In addition, CHEP will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h).  The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit B hereto, and the adversary proceeding will be dismissed with prejudice.

**c.    F&E Aircraft Maintenance (Miami), LLC**

15.    On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51553 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from F&E Miami pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to F&E Miami in a total amount not less than $45,088.97 during the 90-day period prior to the Petition Date.

16.    After considering defenses raised by F&E Miami, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that

6

F&E Miami will pay the Trustee $8,500.00 in settlement of the preferential transfers.    In addition, F&E Miami will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h). The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit C hereto, and the adversary proceeding will be dismissed with prejudice.

  **d.**  **Garland A. Watkins d/b/a Jet Services and E. Klaus Collins d/b/a Jet Services**

  17.  On February 18, 2016, the Trustee filed in the Court his *First Amended Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51884 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Jet Services pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to Jet Services in a total amount not less than $84,741.22 during the 90-day period prior to the Petition Date.

  18.  After considering defenses raised by Jet Services, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Jet Services will pay the Trustee $16,844.00 in settlement of the preferential transfers.    In addition, Jet Services will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h). The parties will exchange releases of all claims and causes of action in connection with the

7

complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit D hereto, and the adversary proceeding will be dismissed with prejudice.

   **e.**  **Hawk Aviation Services, Inc.**

   19.  On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51483 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Hawk pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to Hawk in a total amount not less than $79,306.20 during the 90-day period prior to the Petition Date.

   20.  After considering defenses raised by Hawk, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Hawk will pay the Trustee $30,000.00 in settlement of the preferential transfers. Hawk will reserve any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h), and the Trustee reserves all rights, claims, objections, and defenses with respect to any claim filed by Hawk. The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit E hereto, and the adversary proceeding will be dismissed with prejudice.

f.      **Indianapolis Aviation Partners, LLC d/b/a Million Air Indianapolis**

21.     On November 9, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51892 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from IAP pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor World Airways, Inc., to IAP in a total amount not less than $63,610.84 during the 90-day period prior to the Petition Date.

22.     After considering defenses raised by IAP, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that IAP will pay the Trustee $5,000.00 in settlement of the preferential transfers.  In addition, IAP will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h).  The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit F hereto, and the adversary proceeding will be dismissed with prejudice.

g.      **MBD Wheel and Brake Repair and Services, LLC f/k/a MBT Repair, Inc.**

23.     On November 5, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51887 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from MBD pursuant to Bankruptcy Code

9

sections 547 and 550 alleged preferential transfers made by Debtor North American Airlines, Inc., to MBD in a total amount not less than $31,986.75 during the 90-day period prior to the Petition Date.

24.     After considering defenses raised by MBD, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that MBD will pay the Trustee $25,000.00 in settlement of the preferential transfers.  In addition, MBD will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h).  The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit G hereto, and the adversary proceeding will be dismissed with prejudice.

**h.     Preferred Composite Services, Inc.**

25.     On October 29, 2015, the Trustee filed in the Court his *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 and 550*, commencing that adversary proceeding assigned case number 15-51559 (MFW), asserting, *inter alia*, that the Trustee is entitled to avoid and recover from Preferred pursuant to Bankruptcy Code sections 547 and 550 alleged preferential transfers made by Debtor World Airways, Inc., to Preferred in a total amount not less than $104,926.50 during the 90-day period prior to the Petition Date.

26.     After considering defenses raised by Preferred, including, but not limited to, new value and ordinary course of business, the parties resolved the matter such that Preferred

will pay the Trustee $10,000.00 in settlement of the preferential transfers. In addition, Preferred will waive any and all claims in the cases of the Debtors, including but not limited to any filed or scheduled claims and the right to assert a claim under 11 U.S.C. § 502(h). The parties will exchange releases of all claims and causes of action in connection with the complaint and the alleged transfers as more specifically set forth in the settlement agreement attached as Exhibit H hereto, and the adversary proceeding will be dismissed with prejudice.

27.    In addition, the chart below indicates the number of recoveries falling into the various categories. The first column reflects a percentage range of the Trustee's dollar recovery based on settlement payment received (not accounting for the value of the waiver of any filed, scheduled, or potential claim under 11 U.S.C. § 502(h)) as a percentage of demand amount net of all defenses per the Trustee's calculation. The second column reflects the number of recoveries from among the five Defendants falling in that range. In each case, the Trustee's calculation of potential recovery based on the defenses was disputed by the other party, which asserted a lower potential exposure based on its calculation of defenses. The chart does not attempt to account for costs of litigation, but such concerns—in addition to the defenses asserted—were considered by the Trustee in the exercise of his business judgment in reaching a particular settlement, together with all other factors described in the Motion. The detail below is intended to be illustrative only of the range of settlements reached to date and should not be considered as necessarily illustrative of the probability of any future settlement falling within a particular range.

| Settlement amounts as percentage of trustee's calculation of preference liability after taking account of all defenses. | Number of the 5 matters being settled pursuant to this motion in such category. |
| --- | --- |
| 81% or above | 8 |
| 61%-80% | 0 |
| 41%-60% | 0 |
| 21%-40% | 0 |
| 20% or less | 0 |

### Basis for Relief

28.    By this Motion, the Trustee seeks approval of the settlement agreements with each of the Defendants as set forth in Exhibits A through H to this Motion.

29.    Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." *See Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether "the compromise is fair, reasonable, and in the interests of the estate." *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998).  The court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *In re Martin*, 91 F.3d at 393.

30.    In striking this balance, the court should consider the following factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." *Id*.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's

12

decision. *Id.* at 395. Bankruptcy Rule 9019(a) commits the approval or rejection of a settlement to the sound discretion of the bankruptcy court. *In re Michael*, 183 B.R. 230, 232 (Bankr. D. Mont. 1995).

31.     Moreover, settlements should be approved if they fall above the lowest point on the continuum of reasonableness. "[The] responsibility of the bankruptcy judge . . . is not to decide the numerous questions of law and fact raised by the appellants but rather to canvass the issues and see whether the settlement fall[s] below the lowest point in the range of reasonableness." *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983); *In re Planned Protective Servs., Inc.,* 130 B.R. 94, 99 n.7 (Bankr. C.D. Cal. 1991); *see generally In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976) (court should not conduct a "mini-trial" on the merits of a proposed settlement). Thus, the question is not whether a better settlement might have been achieved or a better result reached if litigation pursued. Instead, the court should approve settlements that meet a minimal threshold of reasonableness. *Nellis v. Shugrue*, 165 B.R. 115, 123 (S.D.N.Y. 1994); *In re Tech. for Energy Corp.*, 56 B.R. 307, 311-312 (Bankr. E.D. Tenn. 1985); *In re Mobile Air Drilling Co., Inc.*, 53 B.R. 605, 608 (Bankr. N.D. Ohio 1985).

32.     The settlements with each of the Defendants are in the best interests of the estates and all creditors, are reasonable, and are within the Trustee's sound business judgment. The settlements will eliminate the potentially high costs of further litigation and the uncertainty of success in light of the asserted defenses. The Trustee has invested time and effort in analyzing the transfers made within the 90 days prior to the Petition Date. Similarly, the Trustee considered any defenses asserted by the Defendants and any analyses provided by the

13

Defendants, and the Trustee ran an analysis from the records of the Debtors to determine the extent and validity of the various defenses, including but not limited to new value and ordinary course of business defenses.  The compromises reached with each of the Defendants are fair, reasonable, and in the best interest of the creditors and the Debtors' estates based on the Trustee's review of the facts.

33.    Given the risks and rewards involved with further litigation, as well as the associated costs, in the Trustee's judgment the proposed settlements are in the Debtors' best interest.  Accordingly, the Trustee believes that this Court should approve each of the settlements agreements attached to this Motion as Exhibits A through H.

### Notice

34.    Notice of this Motion has been given to: (a) the Office of the United States Trustee; (b) all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002; and (c) each of the Defendants.

*[Remainder of page intentionally left blank]*

DOCS_DE:206859.2 31267/002

## Conclusion

WHEREFORE, the Trustee respectfully requests that this Court enter the attached order granting the Motion approving the settlements of the Trustee's complaints and asserted claims against each of the Defendants set forth in the settlement agreements attached as Exhibits A through H to the Motion; and granting such other relief as the Court deems just and equitable.

Dated: May 18, 2016

PACHULSKI STANG ZIEHL & JONES LLP

Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Michael R. Seidl (DE Bar No. 3889)
Jeffrey P. Nolan (CA Bar No. 158923)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
E-mail:   bsandler@pszjlaw.com
          acaine@pszjlaw.com
          mseidl@pszjlaw.com
          jnolan@pszjlaw.com
          pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee

DOCS_DE:206859.2 31267/002