IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GLOBAL AVIATION HOLDINGS, | ) | Case No. 13-12945 (MFW) |
| INC., *et al.*,[1] | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline:  May 12, 2017 at 4:00 p.m.**
**Hearing Date:  May 24, 2017 at 2:00 p.m.**

**SECOND INTERIM (CONTINGENT FEE MATTERS) APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM SEPTEMBER 30, 2014 THROUGH FEBRUARY 28, 2017**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective *nunc pro tunc* to September 30, 2014 by order signed on or about November 20, 2014 |
| Period for which Compensation and Reimbursement is Sought: | September 30, 2014 through February 28, 2017[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $520,083.70 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $     682.63 |

This is a:         monthly       x  interim        final application.

The total time expended for preparation of this fee application is anticipated to be

approximately 3.0 hours and the corresponding compensation is anticipated to be approximately

---

[1]  The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276).  The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.
[2]  The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

$1,000.00.  The actual fees and expenses incurred in preparation of this fee application will be reflected in subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 01/28/16 | 09/30/14 – 12/31/15 | $161,646.00 | $30,806.11 | $161,646.00 | $30,806.11 |

## SUMMARY OF RECOVERIES

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| 1st Omnibus Settlements | | |
| AeroTurbine | $ 22,500.00 | $ 5,625.00 |
| Avcom Avionics & Instruments, Inc. | $ 4,000.00 | $ 1,000.00 |
| Chemiol Corporation | $ 70,000.00 | $ 17,500.00 |
| ELP Aviation LLC | $ 6,000.00 | $ 1,500.00 |
| Gate Gourmet, Inc. | $ 10,000.00 | $ 2,500.00 |
| GA Telesis, LLC | $ 5,500.00 | $ 1,375.00 |
| The Goodyear Tire & Rubber Company | $ 5,000.00 | $ 1,250.00 |
| The Gourmet Gang | $ 8,750.00 | $ 2,187.50 |
| Honeywell International Inc. | $ 65,000.00 | $ 16,250.00 |
| Irving Oil Terminals Inc. | $ 97,500.00 | $ 24,375.00 |
| JLT Aerospeace (North America) Inc. | $ 20,000.00 | $ 5,000.00 |
| Kapco Global | $ 7,500.00 | $ 1,875.00 |
| Landmark Aviation Aircraft Sales, LLC | $ 8,750.00 | $ 2,187.50 |
| Miami Tech Aircraft Maintenance, Inc. | $ 20,000.00 | $ 5,000.00 |
| MNM Aircraft Component Holdings | $ 5,700.00 | $ 1,425.00 |
| Paetec Communications, Inc. | $ 5,000.00 | $ 1,250.00 |
| Pan Am International Flight Academy, Inc. | $ 15,000.00 | $ 3,750.00 |
| Robert Half Technology | $ 15,000.00 | $ 3,750.00 |
| Skytech Aviation, Inc. | $ 10,000.00 | $ 2,500.00 |
| SSI (US) Inc. | $ 56,540.80 | $ 14,135.20 |
| Transgroup Express, Inc. | $ 30,000.00 | $ 7,500.00 |
| Ultramain Systems, Inc. | $ 12,000.00 | $ 3,000.00 |
| United Airlines | $ 25,000.00 | $ 6,250.00 |
| Total:  1st Omnibus Settlements | $524,740.80 | $131,185.20 |

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| 2nd Omnibus Settlements | | |
| The Boeing Company | $ 55,000.00 | $ 13,750.00 |
| CHEP Aerospace US Inc. | $ 9,000.00 | $ 2,250.00 |
| F&E Aircraft Maintenance (Miami), LLC | $ 8,500.00 | $ 2,125.00 |
| Garland A. Watkins d/b/a Jet Services and E. Klaus Collins d/b/a Jet Services | $ 16,844.00 | $ 4,211.00 |
| Hawk Aviation Services, Inc. | $ 30,000.00 | $ 7,500.00 |
| Indianapolis Aviation Partners, LLC d/b/a Million Air Indianapolis | $ 5,000.00 | $ 1,250.00 |
| MBD Wheel and Brake Repair and Services, LLC f/k/a MBT Repair, Inc. | $ 25,000.00 | $ 6,250.00 |
| Preferred Composite Services, Inc. | $ 10,000.00 | $ 2,500.00 |
| **Total: 2nd Omnibus Settlements** | **$159,344.00** | **$ 39,836.00** |

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| 3rd Omnibus Settlements | | |
| Airborne Maintenance & Engineering Services, Inc. d/b/a AMES | $ 50,000.00 | $ 12,500.00 |
| AT&T Mobility LLC | $ 16,500.00 | $ 4,125.00 |
| digEcor, Inc. | $ 7,000.00 | $ 1,750.00 |
| **Total: 3rd Omnibus Settlements** | **$ 73,500.00** | **$ 18,375.00** |

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| 4th Omnibus Settlements | | |
| Aircraft Service International, Inc. | $ 15,000.00 | $ 3,750.00 |
| Fed Ex Corporation and FedEx ERS | $ 62,750.00 | $15,687.50 |
| Hapag | $147,500.00 | $36,875.00 |
| Microsoft Licensing, GP | $ 20,000.00 | $ 5,000.00 |
| Robert Tuck d/b/a Jet Research a/k/a Jet Research Aviation Consultants | $ 7,500.00 | $ 1,875.00 |
| TEKsystems, Inc. | $ 30,000.00 | $ 7,500.00 |
| Unical Aviation, Inc. | $ 55,000.00 | $13,750.00 |
| **Total: 4th Omnibus Settlements** | **$337,750.00** | **$84,437.50** |

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| 5th Omnibus Settlements | | |
| The United States on behalf of the Department of Defense | $975,000.00 | $243,750.00 |
| World Fuel Services, Inc. | $ 10,000.00 | $ 2,500.00 |
| **Total: 5th Omnibus Settlements** | **$985,000.00** | **$246,250.00** |

| | | |
|---|---|---|
| **Total: All Omnibus Settlements** | **$2,080,334.80** | **$520,083.70** |

**EXPENSE SUMMARY**

| Service Provider[3]<br>(if applicable) | Total Expenses |
|---|---|
| Federal Express ($15.17); Uber ($52.93); Lotte NY Palace ($497.53); Nate N Al's ($25.80); Pacer ($4.30); Reproduction Expense ($1.00); Reproduction/Scan Copy ($85.90) | $682.63 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| GLOBAL AVIATION HOLDINGS, INC., *et al.*,[1] | ) | Case No. 13-12945 (MFW) |
| | ) | |
| | ) | Jointly Administered |
| Debtors. | ) | |

**Objection Deadline: May 12, 2017 at 4:00 p.m.**
**Hearing Date: May 24, 2017 at 2:00 p.m.**

**SECOND INTERIM (CONTINGENT FEE MATTERS) APPLICATION FOR
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP,
AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM SEPTEMBER 30, 2014 THROUGH FEBRUARY 28, 2017**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively,

the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel

for the Chapter 7 Trustee, hereby submits its Second Interim (Contingent Fee Matters)

Application for Compensation and for Reimbursement of Expenses for the Period from

September 30, 2014 through February 28, 2017 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the

amount of $520,083.70 and actual and necessary expenses in the amount of $682.63 for a total

allowance of $520,766.33, and payment of the unpaid amount of such fees and expenses, for the

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal taxpayer-identification number, include: Global Aviation Holdings Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276).  The Debtors' corporate address is 101 World Drive, Peachtree City, Georgia 30269.

period September 30, 2014 through February 28, 2017 (the "Interim Period"). In support of this

Application, PSZ&J respectfully represents as follows:

### Background

1.        On November 12, 2013 (the "Petition Date"), each of the Debtors filed

voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The cases were

converted to Chapter 7 proceedings by order entered September 30, 2014. On October 1, 2014

Alfred T. Giuliano ("Chapter 7 Trustee") was appointed as Chapter 7 Trustee in these cases.

2.        The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.        The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was

approved effective as of September 30, 2014 by this Court's "Order Granting Application of

Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a),

Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority of Employ and Retain

Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee, *Nunc Pro Tunc* to

September 30, 2014", signed on or about November 20, 2014 (the "Retention Order"). The

Retention Order granted the application to retain PSZ&J and authorized PSZ&J to be

compensated on (a) an hourly basis, plus reimbursement of actual, necessary expenses and other

charges incurred by PSZ&J, and (b) for the investigation, prosecution, and collection of any

chapter 5 causes of action, on an contingent fee basis of 25% of the value of any gross recovery

(including the value of the reduction in any claim filed by, or scheduled in favor of, the particular creditor)[2] plus actual, necessary expenses and costs incurred by PSZ&J.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

4.      All services for which PSZ&J requests compensation were performed for or on behalf of the Chapter 7 Trustee.

5.      PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

### Recoveries

6.      Attached hereto as **Exhibit A** is a copy of the "Chapter 7 Trustee's First Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements," (Docket No. 1062) ("First Omnibus Settlement Motion").  Attached hereto as **Exhibit B** is a copy of the "Order Granting Chapter 7 Trustee's First Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements."  (Docket No. 1069) ("First Omnibus Settlement Order").  By virtue of the First Omnibus Settlement Motion and First Omnibus Settlement Order the estates recovered value of $524,740.80.  Twenty per cent (25%) of such recovery is $131,185.20.

---

[2]  Some of the settlements covered by this application include waivers of claims by defendants.  The present application does not seek payment of 25% of the value of the reduction of such waived claims.  However, the Firm reserves the right to seek such additional payment at a later date.

7.      Attached hereto as **Exhibit C** is a copy of the "Chapter 7 Trustee's Second Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements," (Docket No. 1079) ("Second Omnibus Settlement Motion"). Attached hereto as **Exhibit D** is a copy of the "Order Granting Chapter 7 Trustee's Second Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements." (Docket No. 1084) ("Second Omnibus Settlement Order"). By virtue of the Second Omnibus Settlement Motion and Second Omnibus Settlement Order the estates recovered value of $159,344.00. Twenty per cent (25%) of such recovery is $39,836.00.

8.      Attached hereto as **Exhibit E** is a copy of the "Chapter 7 Trustee's Third Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements," (Docket No. 1094) ("Third Omnibus Settlement Motion"). Attached hereto as **Exhibit F** is a copy of the "Order Granting Chapter 7 Trustee's Third Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements." (Docket No. 1099) ("Third Omnibus Settlement Order"). By virtue of the Third Omnibus Settlement Motion and Third Omnibus Settlement Order the estates recovered value of $73,500.00. Twenty per cent (25%) of such recovery is $18,375.00.

9.      Attached hereto as **Exhibit G** is a copy of the "Chapter 7 Trustee's Fourth Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements," (Docket No. 1104) ("Fourth Omnibus Settlement Motion"). Attached hereto as **Exhibit H** is a copy of the "Order Granting Chapter 7 Trustee's Fourth Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements." (Docket No. 1110) ("Fourth Omnibus Settlement Order").

By virtue of the Fourth Omnibus Settlement Motion and Fourth Omnibus Settlement Order the estates recovered value of $337,750.00.  Twenty per cent (25%) of such recovery is $84,437.50.

10.    Attached hereto as **Exhibit I** is a copy of the "Chapter 7 Trustee's Fifth Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements," (Docket No. 1117) ("Fifth Omnibus Settlement Motion").  Attached hereto as **Exhibit J** is a copy of the "Order Granting Chapter 7 Trustee's Fifth Omnibus Motion Under Fed. R. Bankr. P. 9019 for an Order Approving Settlements."  (Docket No. 1121) ("Fifth Omnibus Settlement Order").  By virtue of the Fifth Omnibus Settlement Motion and Fifth Omnibus Settlement Order the estates recovered value of $985,000.00.  Twenty per cent (25%) of such recovery is $246,250.00.

11.    Pursuant to the above matters the estates recovered total value of $2,080,334.80.  Twenty per cent (25%) of such total value is $520,083.70.

### Actual and Necessary Expenses

12.    PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

13.    PSZ&J charges $1.00 ($.25 as of February 1, 2017) per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending

telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Trustee for the receipt of faxes in these cases.

14.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

15.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

16.    The total amount of reasonable costs incurred and to be reimbursed to PSZ&J is $682.63 attached hereto as **Exhibit K**.

<u>**Summary of Services Rendered**</u>

17.    PSZ&J has performed its work as counsel in assisting the Chapter 7 Trustee with the recovery of assets, and performed all necessary professional services pursuant to the terms of its retention.

18.    The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period (comprising 25% of the amounts recovered) is $520,083.70.

19.    In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and

reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent

of the services rendered, (d) the value of such services, and (e) the costs of comparable services

other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such

Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period September 30,

2014 through February 28, 2017, an interim allowance be made to PSZ&J for compensation in

the amount of $520,083.70 and actual and necessary expenses in the amount of $682.63 for a

total allowance of $520,766.33; that payment of such allowed amounts be authorized on an

interim basis; and for such other and further relief as this Court may deem just and proper.

Dated:  April 28 , 2017           PACHULSKI STANG ZIEHL & JONES LLP

_____

Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Michael R. Seidl (DE Bar No. 3898)
Jason S. Pomerantz (CA Bar No. 157216)
Jeffrey P. Nolan (CA Bar No. 158923)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:   bsandler@pszjlaw.com
         acaine@pszjlaw.com
         mseidl@pszjlaw.com
         jspomerantz@pszjlaw.com
         jnolan@pszjlaw.com
         pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee

## VERIFICATION

STATE OF DELAWARE     :
                                      :
COUNTY OF NEW CASTLE   :

        Bradford J. Sandler, after being duly sworn according to law, deposes and says:

        a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

        b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

        c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and submit that the Application substantially complies with such Rule.

_____
Bradford J. Sandler

SWORN AND SUBSCRIBED
before me this 28 day of April , 2017.

CHERYL A. KNOTTS
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 5, 2018