IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL AVIATION HOLDINGS, INC., et al.[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-12945 (MFW)<br><br>(Jointly Administered)<br><br>**Objection Deadline: Oct. 4, 2017 at 4:00 p.m. (ET)**<br>**Hearing Date: Oct. 18, 2017 at 2:00 p.m. (ET)** |

**APPLICATION OF ALFRED T. GIULIANO, FOR ORDER
PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a)
AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION
OF RELIABLE RECOVERY SERVICE TO RECOVER CERTAIN FUNDS,
NUNC PRO TUNC TO AUGUST 31, 2017**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this application (the "Application"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for an order authorizing the retention and employment of Reliable Recovery Service ("RRS"), *nunc pro tunc* to August 31, 2017 as the Trustee's agent to pursue recovery of certain personal property tax refunds owed to Debtor World Airways, Inc. In support of this Application, the Trustee submits the Declaration of Richard Kay (the "Declaration"), attached hereto as Exhibit A. In further support of this Application, the Trustee respectfully states as follows:

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' former corporate address was 101 World Drive, Peachtree City, Georgia 30269.

### Jurisdiction and Venue

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4. On November 12, 2013 (the "Petition Date"), the Debtors each commenced a case by filing a voluntary petition for relief in this Court under chapter 7 of the Bankruptcy Code (collectively, the "Cases"). The Cases are being jointly administered for procedural purposes pursuant to Bankruptcy Rule 1015(b).

5. On September 30, 2014, the Court entered an order converting these Chapter 11 Cases to Chapter 7 Cases [Docket No. 869].

6.  On October 1, 2014, Alfred T. Giuliano was appointed as the Chapter 7 Trustee [Docket No. 871].

## Relief Requested

7.  By this Application, the Trustee seeks the entry of an order, in substantially the form attached hereto as Exhibit B, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, authorizing the Trustee to employ and retain RRS, *nunc pro tunc* to August 31, 2017, to pursue recovery of the tax refunds on a 10% contingency fee, pursuant to the terms and conditions set forth in the agreement (the "Agreement") attached hereto as Exhibit C.

## Scope of Services and Compensation

8.  As set forth in the Agreement, the Trustee seeks to engage RRS to pursue recovery of certain personal property tax refunds on a 10% contingency fee basis. RRS shall not be required to file a final fee application in these cases.

## RRS's Qualifications

9.  The Trustee seeks to retain RRS because of its extensive experience in recovering funds and unclaimed property owed to corporations, businesses, and individuals. These assets include overlooked, unidentified and misclassified merger, acquisition or sale assets, unnoticed refunds from government and licensing agencies, unclaimed overpayments, unexercised warrants and options, and unclaimed credit balances, among others. RRS has recovered funds and assets for major companies and financial institutions, including AutoNation, Inc., CB Richard Ellis, CBS Television, Citigroup, Ford Motor Company, GE Capital, Hilton Hotels, Honeywell, Kmart, Lowe's, Merrill Lynch, MetLife, Prudential, Shell Oil Company, and The Boeing Corporation, among others.

DOCS_DE:215012.1 31267/001

### RRS's Disinterestedness

10. To the best of the Trustee's knowledge, except as may otherwise be set forth in the Declaration, RRS (a) is not a creditor, equity security holder or insider of the Debtors, (b) is not and was not, within 2 years before the Petition Date, a director, officer or employee of the Debtors, (c) does not hold or represent any interest materially adverse to the interests of the Debtors' estates or any class of creditors or equity security holders and (d) is not related to any judge of this Court, the Office of the United States Trustee for the District of Delaware ( the "U.S. Trustee") or any employee of the U.S. Trustee.

11. Accordingly, the Trustee believes that RRS is a "disinterested person" within the meaning of section 101(14), as modified by section 1107(b), of the Bankruptcy Code, and its representation of the Trustee is permissible under sections 327(a) and 328(a) of the Bankruptcy Code and is in the best interests of all parties-in-interest.

### Basis for Relief Requested

12. Bankruptcy Code section 327(a), provides that, subject to court approval, a trustee may employ one or more professionals that do not hold or represent an interest adverse to the estate and that are disinterested persons to assist the debtor in possession in carrying out its duties under the Bankruptcy Code. 11 U.S.C. § 327(a). Bankruptcy Code section 328 provides, in pertinent part, that a professional may be employed under section 327 of the Bankruptcy Code "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a).

13. Bankruptcy Rule 2014 requires that an application for retention include: specific facts showing the necessity for the employment, the name of the firm to be employed, the reasons for the selection, the services to be rendered, any proposed compensation arrangement, and, to the best of the applicant's knowledge, all of the firm's connections with the

4

DOCS_DE:215012.1 31267/001

debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee. Fed. R. Bankr. P. 2014(a).

14. Section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors and investment bankers, on flexible terms that reflect the nature of their services and market conditions. Section 328(a) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 to provide that a debtor may employ a professional person on any reasonable terms and conditions of employment, including "on a fixed or percentage fee basis, or on a contingent fee basis." 11 U.S.C. § 328(a). This new language makes clear the ability of a trustee's to retain, with court approval, a professional on a fixed percentage fee basis or a contingent fee basis such as the fees in the Agreement.

15. The Court should approve the Trustee's engagement of RRS because it will apply its industry experience in pursuing recovery of funds in unclaimed property and funds.

16. In addition, by this Application the Trustee seeks retention of RRS *nunc pro tunc* to August 31, 2017. A decision to grant *nunc pro tunc* approval is in the discretion of the bankruptcy court. *In re Indian River Homes, Inc.*, 108 B.R. 46, 50 (D. Del. 1989).

### Notice

17. Notice of this Application has been given to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; and (c) counsel to the Debtors' prepetition lenders; (d) RRS; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

## No Prior Request

18. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order, substantially in the form submitted with the Application, (i) authorizing the Trustee to retain and employ RRS *nunc pro tunc* to August 31, 2017, and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: 9/19, 2017

Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Global Aviation Holdings, Inc., *et al.*