# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>GLOBAL AVIATION HOLDINGS, INC., *et al.*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 13-12945 (MFW)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1147** |

### ORDER PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014(a) AND DEL. BANKR. L. R. 2014-1 AUTHORIZING EMPLOYMENT AND RETENTION OF RELIABLE RECOVERY SERVICE TO RECOVER CERTAIN FUNDS, NUNC PRO TUNC TO AUGUST 31, 2017

Upon consideration of the Application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order authorizing the Trustee to employ and retain Reliable Recovery Service ("RRS"), *nunc pro tunc* to August 31, 2017 as the Trustee's agent to pursue recovery of certain personal property tax refunds owed to Debtor World Airways, Inc., pursuant to Bankruptcy Code sections 327(a) and 328(a), all as more fully set forth in the Application; the Court having reviewed the Application and the Declaration of Richard Kay (the "Declaration"); the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' former corporate address was 101 World Drive, Peachtree City, Georgia 30269.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

DOCS_DE:215012.3 31267/001

venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 140; and this Court finding that: (a) RRS does not hold or represent any interest adverse to the Debtors' estates, (b) RRS is a "disinterested person" as contemplated under sections 327 and 328 of the Bankruptcy Code; and (c) employment of RRS is necessary and in the best interests of the Debtors' estates, creditors, and other parties in interest; the Court finding that notice of the Application and opportunity for a hearing was sufficient under the circumstances; and the Court being fully advised in the premises and having determined that the legal and factual bases set forth in the Application, the Declaration and at the hearing establish just cause for the relief herein granted, and after due deliberation and cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Trustee is authorized, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014(a) and Local Rule 2014-1, to employ and retain RRS, *nunc pro tunc* to August 31, 2017, pursuant to the terms of the Agreement attached to the Application, which is hereby approved for purposes of section 328(a) of the Bankruptcy Code.

3. Notwithstanding anything to the contrary in the Application, the Declaration, or the Agreement, during the course of RRS engagement by the Trustee, RRS shall act exclusively as the Trustee's agent for the purposes described in the Application, and shall not represent or act on behalf of any prospective purchaser, tenant, or any other party with an interest or potential interest with respect to property of the Debtors' estates.

4. Prior to payment to RRS, the Trustee shall file and serve a notice (the "Fee Notice") indicating the amount of the recovery by RRS and the amount of the fee to be received by RRS. The Fee Notice shall be served by first class mail on the Office of the United States

Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties"). The Notice Parties shall have ten (10) days to file an objection to the Fee Notice. If no objections are filed by such ten-day objection deadline, the Trustee may pay RRS its fee per the Agreement. RRS shall not be required to file a final fee application in these cases.

5. Notwithstanding anything in the Agreement, neither the Trustee nor the Debtors' bankruptcy estates shall have any obligation to reimburse RRS for any attorney fees or expenses that RRS incurs defending any fee or expense request(s) it pursues in these cases.

6. To the extent that there may be any inconsistency between the terms of the Application, the Agreement, and this Order, the terms of this Order shall govern.

7. The Trustee and RRS are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

8. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. This Court shall retain exclusive jurisdiction with respect to all matters related to the interpretation, implementation, or enforcement of this Order or the Agreement.

Dated: Oct. 13, 2017

The Honorable Mary F. Walrath
United States Bankruptcy Judge