# EXHIBIT C

## Agreement

## PROFESSIONAL SERVICES AGREEMENT

THIS PROFESSIONAL SERVICES AGREEMENT (the "Agreement") is made this 27th day of December 2019 (the "Effective Date"), by and between **Orion Reimbursement Services, Inc.,** a Minnesota Corporation with its principal place of business located at 2265 Youngman Ave. #302E, St. Paul, MN 55116 (hereinafter "Orion") and Alfred T. Giuliano, as chapter 7 trustee for the estates of Global Aviation Holdings, Inc. et al. (collectively, the "Debtors")[1] (hereinafter "CLIENT", and together with Orion, the "Parties").

---

[1] The Debtors include the following entities: Global Aviation Holdings, Inc.; Global Shared Services, Inc.; New ATA Acquisition Inc.; New ATA Investment Inc.; North American Airlines, Inc.; World Air Holdings, Inc.; and World Airways, Inc. The Debtors' chapter 7 bankruptcy cases are pending in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and jointly administered as In re Global Aviation Holdings, Inc., et al., Case No. 13-12945 (MFW).

1. **Services**. Orion agrees to provide CLIENT with cost recovery services for the assets identified by Orion and communicated in writing to CLIENT. The assets are located in the United States. Orion will prepare the necessary applications and/or paperwork in order for CLIENT to recover the assets. Orion will prepare the responses to the states on behalf of CLIENT, where applicable. Orion will regularly, but not less than quarterly, provide CLIENT with an update of all assets Orion is seeking to recover, including the type and location of the asset, estimated recovery amount and anticipated timing for such recovery. Upon receipt of any assets, Orion shall timely remit such all collected assets to the CLIENT. Orion's relationship with CLIENT under this Agreement shall be that of independent contractor. Orion is to exercise its own discretion on the method and manner of performing its duties, and the Client will not exercise control over Orion or its employees or agents. Orion acknowledges that this Agreement is subject to approval by the Bankruptcy Court.

2. **Compensation**. Orion shall be paid for work performed under this Agreement as follows:

   CLIENT will compensate Orion on the value of the assets recovered. Orion's compensation is based on ten (10%) percent of the amount recovered. The fees associated with the payments to CLIENT are payable to Orion at the time the CLIENT receives possession of the asset; provided, however, that the Trustee is required to file and serve a notice of the proposed compensation with the Bankruptcy Court subject to a ten (10) day objection period, after which if there are no objections the fees due to Orion may be paid by the CLIENT. If Orion does not recover assets, Orion does not have a right to the compensation. Orion's right to compensation is only for the value of the assets recovered by CLIENT.

3. **Limitations of Liability**. CLIENT agrees to limit Orion's liability to CLIENT's and all parties claiming through the CLIENT or otherwise claiming reliance on Orion's services, allegedly arising from errors or omissions, to a sum not to exceed CLIENT's direct damages incurred, provided that such claims are not attributable to Orion's negligence or intentional misconduct. In no event shall Orion or any other party to this Agreement including parties which may claim to have a direct or indirect reliance on Orion's services, be liable to the other parties for incidental, indirect, or consequential damages arising from any cause unless caused by or resulting from Orion's gross negligence or willful misconduct.

4. **Savings Clause**. If one of more of the provisions contained in this Agreement shall, for any reason, be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provisions of this Agreement; this Agreement shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

5. **Term**. Either party may terminate this Agreement effective at any time by giving written notice if (i) such action is taken pursuant to any governmental law, ordinance, order, rule, regulation or action (ii) the other party becomes insolvent, makes an assignment for the benefit of creditors, or a bankruptcy petition is filed by or against it. Either party may terminate this Agreement at any time without cost or penalty during the term hereof if the other party fails to properly perform its obligations as provided in this Agreement and such failure shall continue for more than ten (10) days after either party has notified the other thereof in writing. Either party may terminate this Agreement at any time for any reason upon thirty (30) days' notice to the other party. However, no termination of this Agreement shall have any affect upon Orion's right to receive payment under this Agreement for services rendered prior to the effective date of such termination. The provisions of paragraph 2 shall survive the termination of this Agreement without regard to the reason for termination of this Agreement. Such termination shall not alter or affect the continuing rights and obligations created by those paragraphs.

6. **Non-Exclusivity**. Nothing in this Agreement shall be construed so as to restrict either party from engaging another person or entity from providing similar services. Notwithstanding the foregoing, CLIENT will not engage another person or entity to recover the assets specifically identified to CLIENT for which Orion is actively seeking to recover on behalf of CLIENT.

7. **Entire Agreement**. This Agreement constitutes the entire integrated Agreement between the parties hereto, and cancels and supersedes all prior negotiations, representations, understandings and Agreements, either written or oral, with respect to the subject matter hereof. This Agreement may only be amended or modified by a written instrument executed by both Parties.

8. **Governing Law.** This Agreement shall be governed by the laws of the State of New Jersey. Orion and CLIENT agree that any disputes arising from or related to this Agreement shall be brought first before the Bankruptcy Court for determination.

This Agreement is understood by all parties and agreed that this Agreement is a binding Agreement for each party.

_____
By: Michael G. Griffith
Title: President, Orion Recovery Services, Inc.

_____
By: Alfred Giuliano
Title: Trustee for the Estates of
Global Aviation Holdings, Inc., et al.

This Agreement is understood by all parties and agreed that this Agreement is a binding Agreement for each party.

By: Michael G. Griffith
Title: President, Orion Recovery Services, Inc.

By: Alfred Giuliano
Title: Trustee for the Estates of
Global Aviation Holdings, Inc., et al.