## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| GLOBAL AVIATION HOLDINGS, INC., *et al.*, | Case No. 13-12945 (MFW) (Jointly Administered) |
| Debtors.[1] | Related to Docket No. 1246 |

## HONEYWELL'S RESPONSE TO THE TRUSTEE'S FOURTH OMNIBUS OBJECTION (SUBSTANTIVE) TO REDUCE CERTAIN CLAIMS (CLAIM NO. 43)

Honeywell International Inc. ("**Honeywell**") hereby files this response (the "**Response**") in opposition to the *Fourth Omnibus Objection (Substantive) of Alfred T. Giuliano, Chapter 7 Trustee, to Certain Claims (Reduce/Reclassify/Modify Claims)* [Dkt. 1246] (the "**Objection**") and in further support of its administrative claim in the amount of $571,436.54, filed in the above-captioned chapter 11 cases on February 11, 2015 [Claim No. 43] (the "**Claim**", attached hereto as **Exhibit A**). In support of this Response, Honeywell states:

1.    Through the Objection, the Trustee seeks to reduce the amount of Honeywell's Claim by $250,000—reducing the Claim from its filed amount of $571,436.54 to the lesser amount of $321,436.54. (Objection, Ex. 1 at 3.) The Trustee supports this request by arguing that the Claim should be "modif[ied] pursuant to [its] supporting documents." (*Id.*) But the Claim's "supporting documents" do not suggest that the Claim amount should be reduced.

2.    Honeywell's Claim is comprised of two components: (1) $321,436.54 in maintenance and servicing fees arising from aircraft landings that the Debtors conducted post-

---

[1] The Debtors and the last four digits of their respective federal taxpayer identification numbers are as follows: Global Aviation Holdings, Inc. (2196); Global Shared Services, Inc. (1692); New ATA Acquisition Inc. (1985); New ATA Investment Inc. (2109); North American Airlines, Inc. (8792); World Air Holdings, Inc. (1036); and World Airways, Inc. (8276). The Debtors' former corporate address was 101 World Drive, Peachtree City, Georgia 30269.

petition from November 12, 2013 through February 2014 (the "**CPAL Landing Fees**") (*see* Claim, at Invoices 16627923, 16646101, 16646497, and 16705492), and (2) $250,000 for the value of 5 McDonnell Douglas 11 brakes that the Debtors used in their aircraft during the chapter 11 cases and never returned to Honeywell (the "**MD 11 Brakes**") (*see* Claim, at ¶2). The Claim makes clear that it is comprised of these two separate components, stating that the basis of the Claim is: "5 MD 11 brakes that World Airways failed to return and used during [the] Chapter 11 case[s] *plus* post-petition CPAL landing fees." (*Id.* (emphasis added).)

3.      The invoices attached to the Claim only pertain to the CPAL Landing Fees. In addition to the CPAL Landing Fees, Honeywell is also entitled to the fair market value of the MD 11 Brakes, which it provided to the Debtors during the chapter 11 cases, and which they never returned or paid for. *See Ellis v. Westinghouse Electric Co., LLC*, 11 F.4th 221, 230-31 (3d Cir. 2021) (discussing *Reading Co. v. Brown*, 391 U.S. 471 (1968) and the allowance of administrative claims based upon the "'actual and necessary costs' of preserving the estate"). Because the Claim for the MD 11 Brakes is not based on a writing, and because the Debtors had documents and communications within their possession, custody, and control detailing the basis for Honeywell's Claim to the MD 11 Brakes and their value, Honeywell was not required to attach supporting documentation for the MD 11 Brakes component of the Claim. *See, e.g., In re F-Squared Inv. Mgt., LLC*, 546 B.R. 538, 543-44 (Bankr. D. Del. 2016) (discussing evidentiary value of proofs of claim submitted under penalty of perjury); Fed. R. Bankr. P. 3001(c)(1).

4.      Regardless, the Trustee's request to reduce the amount of the Claim ignores that the Claim has two separate components and that the invoices attached to the Claim only relate to the CPAL Landing Fees, not the MD 11 Brakes. The Trustee therefore has not rebutted Honeywell's Claim with respect to the MD 11 Brakes. *In re F-Squared Inv. Mgt.*, 546 B.R. at 544

(overruling claim objection where objector failed to "produce evidence [that] refute[d] at least one of the allegations that is essential to the claim's legal sufficiency"). Accordingly, there is no basis to reduce the amount of the Claim and the Trustee's Objection should be overruled.

For the foregoing reasons, Honeywell respectfully requests that the Court overrule the Objection and allow the Claim in the amount of $571,436.54.

Dated: February 15, 2022

Respectfully submitted,

**JENNER & BLOCK LLP**

By: */s/ Catherine Steege*
Catherine L. Steege
353 N. Clark Street
Chicago, Illinois 60654
Telephone: (312) 923-2952
Fax: (312) 840-7352
csteege@jenner.com

*Counsel to Honeywell International, Inc.*[2]

---

[2] Counsel is not a member of the Delaware bar and, in accordance with Local Rule 9010-1(d), will obtain Delaware counsel within twenty-eight (28) days after the filing of this Response.